09-1357-ag
Cao v. Holder

BIA
Harbeck, IJ
A095 687 387

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

_____

ZHEN CAO,
> *Petitioner,*

> v.                                        09-1357-ag
>                                           NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Terri J. Scadron, Assistant Director, Corey L. Farrell, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhen Cao, a native and citizen of the People's Republic of China, seeks review of a March 19, 2009 order of the BIA affirming the July 12, 2007 decision of Immigration Judge ("IJ") Dorothy Harbeck, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Cao*, No. A095 687 387 (B.I.A. Mar. 19, 2009), *aff'g* No. A095 687 387 (Immig. Ct. N.Y. City July 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

The BIA did not err in finding that Cao failed to establish her eligibility for relief. As an initial matter, the record supports the BIA's finding that Cao failed to challenge the IJ's conclusion with regard to her past persecution claim. Accordingly, we decline to consider Cao's unexhausted argument that she was persecuted in the past. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007).

The BIA also properly found that Cao failed to establish that she had an objectively reasonable fear of returning to China. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Cao testified that at the time of her hearing before the IJ, several members of her family continued to attend an underground church and had not incurred any harassment or mistreatment at the hands of government officials. It is not improper for the agency to consider an applicant's claim of a well-founded fear of persecution diminished where similarly-situated family members remain in his or her native country unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Although Cao refers in her brief to portions of the record

3

detailing repression of underground churches, the IJ did not err in finding that Cao's own experiences undermined the objective reasonableness of her fear. *See Corovic*, 519 F.3d at 95. Ultimately, substantial evidence supports the agency's conclusion that Cao failed to meet her burden of proof because no reasonable adjudicator would be compelled to conclude to the contrary. *See id*.

Because Cao was unable to establish the objective likelihood of persecution required to meet her burden of proof for asylum, and because Cao failed to present particularized evidence suggesting that she will more likely than not be tortured as a result of her illegal departure from China, the agency did not err in denying her withholding of removal and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk